# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| LEBANON VENTURES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| CITY OF LEBANON, TENNESSEE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Comes now, Plaintiff Lebanon Ventures, LLC ("Lebanon Ventures") and respectfully submits the following Complaint against the City of Lebanon, Tennessee:

### I. PARTIES

1. Lebanon Ventures is a limited liability company organized under Tennessee law. It owns the property formerly known as the Lebanon Outlet Marketplace located between Murfreesboro Road and Old Murfreesboro Road, South of Interstate 40, in Lebanon, Tennessee 37090 (the "Property").

2. The City is a municipal government organized under the laws of the State of Tennessee and situated within Wilson County. It may be served through its attorney, Andy Wright, at 200 N Castle Heights Avenue, Lebanon, TN 37087. It imposed the unconstitutional exaction at issue in this case.

### II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Lebanon Ventures' federal constitutional claim pursuant to 28 U.S.C. § 1331. This claim arises under the Constitution of the United States and is brought pursuant to 42 U.S.C. § 1983.

4. This Court has supplemental jurisdiction over Lebanon Ventures' state law claim under 28 U.S.C. § 1367 because it is so related to Lebanon Ventures' federal constitutional claim that the claims form part of the same case or controversy.

5. Venue is proper in this district under 28 U.S.C. § 1391 because the City resides in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

### III. LEGAL BACKGROUND

6. The Fifth Amendment's Takings Clause, which has been incorporated against the States through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V.

7. "By requiring the government to pay for what it takes, the Takings Clause saves individual property owners from bearing public burdens which, in all fairness and justice, should be borne by the public as a whole." *Sheetz v. Cnty. of El Dorado*, 601 U.S. 267, 273–74 (2024) (quotation marks omitted).

8. One way the government may take private property is by imposing conditions on the grant of a building permit for reasons unrelated or disproportionate to the government's legitimate land-use interests. *See id.* at 274–76.

9. Of course, not all permit conditions amount to a taking. For example, if a proposed development will "substantially increase traffic congestion, the government may condition the

building permit on the owner's willingness to deed over the land needed to widen a public road." *Id.* at 274–75. By analogy, the government might even require the owner to widen the road itself.

10. But if, on the other hand, a local planning commission conditioned a building permit on the owner allowing the planning commission "to host its annual holiday party in her backyard," this type of condition would amount to "an out-and-out plan of extortion" because it lacks "a sufficient connection to a legitimate land-use interest." *Id.* at 275 (quotation marks omitted).

11. The Supreme Court's decisions in *Nollan v. California Coastal Comm'n*, 483 U.S. 825 (1987), and *Dolan v. City of Tigard*, 512 U.S. 374 (1994), "address this potential abuse of the permitting process." *Sheetz*, 601 U.S. at 275; *see also Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 599 (2013) (explaining that *Nollan* and *Dolan* "provide important protection against the misuse of the power of land-use regulation").

12. *Nollan* and *Dolan* set out "a two-part test modeled on the unconstitutional conditions doctrine" to ensure that the government does not abuse its permitting authority in violation of the Takings Clause. *Sheetz*, 601 U.S. at 275.

13. "First, permit conditions must have an 'essential nexus' to the government's land-use interest." *Id.* (quoting *Nollan*, 483 U.S. at 837).

14. "The nexus requirement ensures that the government is acting to further its stated purpose, not leveraging its permitting monopoly to exact private property without paying for it." *Id.*; *see also Knight v. the City. Gov't of Nashville & Davidson Cnty.*, 67 F.4th 816, 825 (6th Cir. 2023) (explaining that a government may not "leverage its monopoly permit power to pay for unrelated public programs on the cheap").

15. "Second, permit conditions must have 'rough proportionality' to the development's impact on the land-use interest." *Sheetz*, 601 U.S. at 275–76 (quoting *Dolan*, 512 U.S. at 391).

16. This requirement ensures that a permit condition "is related both in nature and extent to the *impact* of the proposed development." *Dolan*, 512 U.S. at 391 (emphasis added).

17. When a government exacts a price from a landowner via an unconstitutional permit condition, the Takings Clause mandates a particular remedy: "just compensation." *Koontz*, 570 U.S. at 608–09.

## IV. FACTS

18. The Property was formerly home to a well-known outlet mall called the Lebanon Outlet Marketplace (the "Mall").

19. The Mall closed in January of 2022, and Lebanon Ventures acquired the Property later that year.

20. Lebanon Ventures is in the process of renovating the Property into 435 multi-family residential units, and 143,700 square feet of nonresidential uses (*e.g.*, restaurant, retail, office, and mixed-use commercial) that will transform the area and generate significantly more tax revenue for the City (the "Project").

21. The master plan for the Project, which is being developed in phases, is attached hereto as **Exhibit A**.

22. For many years, and for the entire period of time that the Mall served the community, Old Murfreesboro Road has been a collector roadway that travels in a north-south direction between downtown Lebanon, I-40, S. Hartmann Drive, and Murfreesboro Road.

23. Old Murfreesboro Road includes approximately 20 feet of pavement and provides access to the Property.

24. Old Murfreesboro Road was adequate to serve the existing businesses on Old Murfreesboro Road for many years, including the Mall.

25. In January of 2025, Lebanon Ventures engaged Fischbach Transportation Group, LLC to perform a traffic study and determine whether Lebanon Ventures' proposed use of the Property would necessitate any lane upgrades or traffic-control modifications to accommodate the projected travel on the roadways, including Old Murfreesboro Road, that provide ingress and egress to the Property (the "Study"). A true and correct copy of the Study is attached hereto as **Exhibit B**.

26. The Study showed that Old Murfreesboro Road is currently adequate to serve the current and future traffic needs of the Project.

27. Accordingly, no lane upgrades or traffic-control modifications (including, but not limited to, the addition of a dedicated turn lane) are necessary to adequately serve the development of the Project, and the Project will have no impact on the City's current road infrastructure.

28. Nevertheless, on February 3, 2025, after Lebanon Ventures had invested tens of millions of dollars into the Project, the City issued a comment on the site construction plans for phase 3 of the Project which stated "Old Murfreesboro Road improvements to be completed prior to COs for Phase 2." (the "Road Improvement Requirements"). A true and correct copy of the referenced comment is attached hereto as **Exhibit C.**

29. Through the City's February 3, 2025 Road Improvement Requirements, the City is requiring that Lebanon Ventures upgrade a portion of Old Murfreesboro Road by widening the road and adding a turn lane as a condition to the issuance of certificates of completion for the individual residential units in Phase 2 of the Project.

30. The cost to construct the Road Improvement Requirements is estimated to be no less than $570,000.00.

31. When Lebanon Ventures requested the City to substantiate that (a) there was a nexus between the Road Improvement Requirements and the Project and (b) the Road Improvement Requirements were roughly proportional to the impact caused by the Project, the City refused.

32. After the City refused to provide the requested substantiation or withdraw the unsubstantiated Road Improvement Requirements, Lebanon Ventures' legal counsel sent a letter dated March 6, 2025 to the City's attorney, Andy Wright. A true and correct copy of the March 6, 2025 letter is attached hereto as **Exhibit D**.

33. In the March 6, 2025 letter, Lebanon Ventures' legal counsel wrote:

> Attached to this letter as Exhibit B is the recommendations page from the traffic impact study for the Development that was completed in January 2025. As you can see, the study specifically notes that dedicated turn lanes on Old Murfreesboro Road are not warranted by the Development. However, the City is requiring the turning lanes as shown on the attached Exhibit C (the "Improvements"). We have reviewed the proposed Improvements and are of the opinion that they are beyond what the City can legally require. Rather, this level of required offsite infrastructure amounts to a regulatory taking under the constitutions of both the United States and the State of Tennessee, and is inconsistent with recent Tennessee statutes.

34. The letter went on to explain the law supporting its position, citing both *Nollan* and *Dolan*, and then the letter concluded by stating that Lebanon Ventures would be willing to implement the Road Improvement Requirements provided that Lebanon Ventures was reimbursed for them through the reduction of impact fees to the City:

> To be clear, [Lebanon Ventures] is happy to construct the [i]mprovements as part of the [d]evelopment on behalf of the City. However, we are requesting that the City enter into a participation agreement with [Lebanon Ventures] to cover the estimated $570,000 cost of the turn lane, or offset the costs through a reduction in impact fees to the City. For your information, attached to this letter as Exhibit D is a cost breakdown of the turn lane work. We are hopeful that, upon further review, the City will determine that this is an equitable and reasonable solution.

35. To date the City has not responded to the March 6, 2025 letter or otherwise provided any substantiation that the Road Improvement Requirements are lawful.

36. Instead, the City imposed an arbitrary deadline by when the unlawfully demanded Road Improvement Requirements must be completed.

37. In response, Lebanon Ventures' legal counsel sent the City another letter on July 25, 2025. A true and correct copy of the July 25, 2025 letter is attached hereto as **Exhibit E**.

38. In the July 25, 2025 letter, Lebanon Ventures' legal counsel wrote:

> As noted in my March 6 letter, the Developer is willing to construct the Improvements as part of its development on behalf of the City if, through cooperation with the City, they can find a way to make it economically feasible. I have been told that the City has placed a rather arbitrary deadline for these Improvements tied to the issuance of the tenth occupancy permit for Phase 2 of this project. Since there is no engineering study or calculations to support the need for the Improvements, there is also no supporting data to say when they must be completed. Unfortunately, this deadline is currently causing contractual problems for the Developer.
>
> We request that the City respond in writing that there will be no deadline linked to occupancy permits for this project so the development can proceed unencumbered while the parties continue to work together in good faith. Obviously, the Developer is willing to include performance deadlines as part of any final participation agreements that may result from the cooperative efforts. But we do not believe such deadlines are warranted at this time and respectfully request that this be acknowledged.
>
> In order to address some contractual issues, we ask that you respond to our request by close of business on Friday, August 1, 2025.

39. To date the City has not responded to the July 25, 2025 letter, has not provided any substantiation that the Road Improvement Requirements are lawful, and has refused to withdraw its unlawfully demanded Road Improvement Requirements.

40. There is not an 'essential nexus' between the Road Improvement Requirements and the City's land-use interest.

41. Rather, the City is leveraging its monopoly permit power to force Lebanon Ventures to pay for unrelated public improvements.

42. The Road Improvement Requirements are not roughly proportional to the impact that the Project will have upon the City's land-use interests.

43. The Road Improvement Requirements are an unconstitutional exaction that is causing Lebanon Ventures damage—either paying for the unlawfully imposed Road Improvement Requirements or being unable to proceed with the Project.

44. Lebanon Ventures has also suffered other damages due to the project delays necessitated by the City's unconstitutional exaction, including interest carry, lost profits, and other damages in an amount to be proven at trial, but presently estimated to be not less than $104,000 and increasing by roughly $26,000 each month.

## V. CAUSES OF ACTION

**COUNT 1 – Violation of Federal Takings Clause under *Nollan* and *Dolan* (42 U.S.C. § 1983)**

45. Lebanon Ventures incorporates by reference the allegations contained in each of the preceding paragraphs.

46. The City's requirement that Lebanon Ventures upgrade a portion of Old Murfreesboro Road as a condition of its building permit for Phase 3, and certificates of occupancy for Phase 2, does not satisfy either of the two requirements for a valid permit condition under *Nollan* and *Dolan*.

47. First, the City's Road Improvement Requirements lack an "essential nexus" to its land-use interest.

48. To the contrary, the City's Road Improvement Requirements are unnecessary, do not further any legitimate land-use interest, and instead amount to the City using its permitting monopoly to exact a public infrastructure improvement without paying for it—a public benefit that

"in all fairness and justice, should be borne by the public as a whole." *Sheetz*, 601 U.S. at 273–74 (quotation marks omitted).

49. Nothing about Lebanon Ventures' proposed use of the Property necessitates an upgrade to Old Murfreesboro Road.

50. Second, even if the Road Improvement Requirements did have an "essential nexus" to a valid land-use interest of the City, they are not "rough proportional" to the Project's impact on the City's land-use interest.

51. Old Murfreesboro Road is currently adequate to serve the current and future traffic needs of the Project.

52. Accordingly, no lane upgrades or traffic control modifications (including, but not limited to, the addition of a dedicated turn lane) are necessary for the development of the Project, and the Project will have no impact on the City's current road infrastructure.

53. Requiring Lebanon Ventures alone to bear hundreds of thousands of dollars in expenses to improve the City's roadway—which serves many other businesses—is not "roughly proportional" to any traffic impact caused by the proposed Project.

54. The City's requirement that Lebanon Ventures improve Old Murfreesboro Road as a condition of its building permit and certificates of occupancy "amount[s] to a *per se* taking" under the Supreme Court's Takings Clause precedents. *Koontz*, 570 U.S. at 615.

55. Lebanon Ventures is entitled to just compensation for the City's unconstitutional exaction.

56. In the alternative, Lebanon Ventures is entitled to a declaratory judgment that it is not obligated to improve Old Murfreesboro Road at its own expense as a condition precedent to

the City issuing certificates of occupancy for phase 2 of the Project and a building permit for Phase 3 of the Project.

57. Lebanon Ventures is also entitled to preliminary and permanent injunctive relief directing the City to withdraw the Road Improvement Requirements.

**COUNT 2 – Violation of Federal Takings Clause under *Nollan* and *Dolan* and Tenn. Const. art. I, § 21 (T.C.A. § 1-3-121)**

58. Lebanon Ventures incorporates by reference the allegations contained in each of the preceding paragraphs.

59. Independent of 42 U.S.C. § 1983, Tennessee law also creates a cause of action to seek declaratory or injunctive relief to stop unconstitutional governmental action. *See* Tenn. Code Ann. § 1-3-121.

60. Tenn. Code Ann. § 1-3-121 provides: "Notwithstanding any law to the contrary, a cause of action shall exist under this chapter for any affected person who seeks declaratory or injunctive relief in any action brought regarding the legality or constitutionality of a governmental action."

61. Lebanon Ventures is a person affected by the City's action in imposing the Road Improvement Requirements.

62. For the reasons set forth in Count 1 above, the Road Improvement Requirements violate the Federal Takings Clause and are thus illegal and unconstitutional governmental action.

63. Additionally, the Road Improvement Requirements also violate the Takings Clause of the Tennessee Constitution (Tenn. Const. art. I, § 21). *See Phillips v. Montgomery Cnty.*, 442 S.W.3d 233, 236 (Tenn. 2014) ("We hold that article I, section 21 encompasses regulatory takings in the same manner as the Takings Clause of the Fifth Amendment to the United States

Constitution."). The Road Improvement Requirements are thus illegal and unconstitutional governmental action for this reason, too.

64. Accordingly, Lebanon Ventures is entitled to declaratory and injunctive relief under Tenn. Code Ann. § 1-3-121, in addition to relief under 42 U.S.C. § 1983.

65. In particular, Lebanon Ventures is entitled to a declaratory judgment that Lebanon Ventures is not obligated to improve Old Murfreesboro Road at its own expense as a condition precedent to the City issuing certificates of occupancy for phase 2 of the Project and a building permit for Phase 3 of the Project.

66. Lebanon Ventures is also entitled to preliminary and permanent injunctive relief directing the City to withdraw the Road Improvement Requirements.

**PRAYER FOR RELIEF**

Lebanon Ventures respectfully prays for the following relief:

1. An award of just compensation for the City's unconstitutional taking, in an amount to be proven at trial;

2. In the alternative, a declaratory judgment that Lebanon Ventures is not obligated to improve Old Murfreesboro Road at its own expense as a condition precedent to the City issuing certificates of occupancy for phase 2 of the Project and a building permit for Phase 3 of the Project;

3. Preliminary and permanent injunctive relief directing the City to withdraw the Road Improvement Requirements;

4. An award of all other damages to which Lebanon Ventures may be entitled, including, but not limited to, the damages due to the project delays necessitated by the City's unconstitutional exaction, including interest carry, lost profits, and other damages in an amount to

be proven at trial, but presently estimated to be not less than $104,000 and increasing by roughly $26,000 each month;

5. An award of costs, attorneys' fees, and litigation expenses (including expert witness fees) pursuant to 42 U.S.C. § 1988 and other applicable law; and

6. All other relief to which Lebanon Ventures may be entitled.

DATED: Respectfully submitted,

/s/ Thomas B. Hall
Todd E. Panther (No. 14438)
Thomas B. Hall (No. 36816)
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
Tel. (615) 742-4200 | Fax. (615) 742-4539
tpanther@srvhlaw.com
thall@srvhlaw.com

*Attorneys for Lebanon Ventures, LLC*